Cheryl Perry HILL, Thelma Lindo, Victoria Raphael, Lurline Rutherford, and Ansonia Lewis, for themselves and all persons similarly situated, Plaintiffs,

v.

A–T–O, INC., Family Buying Power, Inc., Nationwide Promotions, Inc., Executive Cleaning Power, Inc., Compact Associates, Inc., Compact Bellerose, Inc., Compact Electra Corp., Hyman Sindelman, a/k/a Hy Delman, M. Robert Dortch and Frank Dortch, Defendants.

No. 73 C 1779.

United States District Court, E. D. New York.

July 12, 1978.

John C. Gray, Jr., Brooklyn, Brooklyn Legal Services Corp. B, for plaintiffs by Douglas V. Ackerman, New York City.

Norman S. Langer, Brooklyn, for Compact defendants; Irwin M. Berg, New York City, of counsel.

Difalco, Field & Lomenzo, New York City, for Family Buying Power defendants.

Harris, Korobkin & Cella, New York City, for defendant A-T-O, Inc. by Lewis Harris, New York City.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This is an action brought under §§ 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, for alleged violations of § 1 of the Sherman Act, 15 U.S.C. § 1. The named plaintiffs are consumers who assert two claims in their amended complaint: (1) defendants imposed on them an illegal tying arrangement in the sale of vacuum cleaners and buying service memberships, and (2) defendants conspired to use a selling program involving fraud. The matter is before the court on defendants' application for leave to reargue an order of the late Judge Walter Bruchhausen certifying this as a class action. Defendants' application to reargue is granted but, upon reconsideration, the class action certification will not be disturbed at this juncture.

On January 21, 1975, Judge Bruchhausen granted plaintiffs' motion for class action certification and denied defendants' motion for summary judgment. Defendants promptly moved for leave to reargue both motions. On March 5, 1975, Judge Bruchhausen reconsidered his prior order and, without reaching the question of the class action certification, awarded summary judgment to defendants on both the tie-in claim and the fraud claim. Plaintiffs appealed, and on May 6, 1976 the Court of Appeals reversed and reinstated the tie-in claim. Thereafter Judge Bruchhausen died, the case was reassigned to the writer, and defendants renewed their motion to reargue that part of the January 21, 1975 order which certified this as a class action.

Recent developments in class actions aimed at tying arrangements warrant reconsideration of the class action certification. The most significant development, of course, is the Court of Appeals' opinion in this very case. *Hill v. A-T-O, Inc.*, 535 F.2d 1349 (2 Cir. 1976). That Court accepted as the starting-point for its analysis the Supreme Court's ruling in *Northern Pacific R. Co. v. United States*, 356 U.S. 1, 6, 78 S.Ct. 514, 518, 2 L.Ed.2d 545 (1958), that a tying arrangement is *per se* illegal

"whenever a party has sufficient economic power with respect to the tying product to appreciably restrain free competition in the market for the tied product and a 'not insubstantial' amount of interstate commerce is affected."

The Court of Appeals noted that in this case the tie-in was admitted, 535 F.2d at 1354, 1355, and satisfaction of the interstate commerce requirement could not be disputed. *Id.* at 1353 n. 2. In order to prevail, therefore, plaintiffs need prove only that defendants possessed "sufficient economic power with respect to the tying product [the buying service memberships] to appreciably restrain free competition in the market for the tied product [vacuum cleaners]." Such an issue, which focuses on the seller rather than the individual buyers, is readily susceptible to proof in a class action.

Defendants contend that individual issues would predominate at trial over questions common to the members of the class because each plaintiff must establish that defendants subjected him to some form of coercion. Such a contention ignores the Second Circuit's holding in this case that

"[a]n unremitting policy of tie-in, if accompanied by sufficient market power in the tying product to appreciably restrain competition in the market for the tied product constitutes the requisite coercion . . . ." *Id.* at 1355.

Evidence of "actual coercion" is unnecessary.

Defendants glean some support for their position from *Ungar v. Dunkin Donuts of America, Inc.*, 531 F.2d 1211 (3 Cir. 1976). There the Third Circuit overturned a class action certification because each individual plaintiff, in order to establish his illegal tie-in claim, had to prove that his purchases were coerced. As the Third Circuit explained, however, in its subsequent decision in *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434 (3 Cir. 1977), proof of coercion is only necessary where, as in *Ungar*, the tying arrangement was not reflected in the agreement. The Third Circuit held in *Bogosian* that, where the seller expressly conditions sale of one product upon purchase of another, plaintiffs need not prove actual coercion. The present case, in which defendants admit the tie-in, falls within the rule of *Bogosian* and not *Ungar*.

■ Defendants also argue that damages in this case would have to be determined on an individual basis. This alone, however, does not preclude class action certification where, as here, the common issues which determine liability predominate. *Bogosian*, 561 F.2d at 456; *Dolgow v. Anderson*, 43 F.R.D. 472, 490–91 (E.D.N.Y.1968). If, as matters proceed, it becomes clear that problems involved in proving individual damages outweigh the advantages of class determination, the court is authorized to take appropriate steps to deal with such problems. See Rule 23(c)(4)(A); *Bogosian*, 561 F.2d at 456.

There being no reason to disturb the class action certification in this case, an order with respect to the notice to the class has been issued this date.

SO ORDERED.